i    BAUM *v.* NEW YORK COTTON EXCH.

*(Supreme Court, Special Term, New York County.*   May, 1888.)

STOCK AND PRODUCE EXCHANGES—MEMBERSHIP—INJUNCTION.
    Since section 17 of the by-laws of the New York Cotton Exchange deprives of all the rights of membership one who has had his failure posted, such an one, after application for reinstatement, and an adverse report of the supervisory committee, has no right to a mandatory injunction to the exchange to treat him as a member. The court cannot substitute its judgment for that of the committee and board of managers.

At chambers.   Application to restrain the Cotton Exchange from interference with plaintiff as a member thereof.   Plaintiff in November, 1887, being unable to answer to calls for margins, made during an abrupt rise in the market, had notice of failure posted.   The liquidation showed that he owed members $17,765, and was owed $16,970, besides $1,500, the value of his seat.   Instead of paying his exchange debts in full, he assigned generally for the benefit of creditors, giving his brother a preference of $20,000, and showing a total indebtedness of $67,045.95.   His only assets outside of the exchange amounted to about $3,300.   His exchange creditors, rather than lose everything, sold their claims to his wife for 40 per cent. of their face value. Plaintiff applied to the exchange for reinstatement, but the supervisory committee, after examination of his settlement, reported adversely to the board of managers.   Thereupon he brings this suit.

*Melville H. Regensburger*, for plaintiff.   *Francis M. Scott*, for defendant.

BARRETT, J.   This application is without merit, upon either the law or the facts.   The plaintiff, under section 17 of the defendant's by-laws, forfeited all the rights and privileges of membership, when his failure was posted, by his own act.   Having ceased to be a member, he certainly has no right to a mandatory injunction, in substance compelling the defendant to treat him as a member in good standing.   His remedy was to apply for membership generally, under section 2 of the by-laws, or specially, under section 18.   He resorted to the latter remedy, and was defeated *in limine*, by an adverse report of the supervisory committee.   He would have us, in substance, reverse this report, and command the board of managers to reinstate him.   This claim is without force.   The committee and the board had a right to judge for themselves whether the plaintiff had made an honorable settlement with his creditors, and there is nothing whatever in their reasoning or action to justify the idea that they have acted capriciously or in bad faith.   On the contrary, the plaintiff's course was peculiar and suspicious, and I do not at all wonder that

the exchange is unwilling to restore him, as matters stand.    However that may be, the plaintiff has no right, save under the defendant's constitution and by-laws, and he cannot ask the substitution of the court's judgment in the premises for that of the supervisory committee and the board of managers. That the action of the committee and board is not a matter of form, but of judgment, is plainly evidenced by the provision requiring a two-thirds vote for reinstatement.    If some of those who are to decide upon reinstatement happen to be plaintiff's creditors, that does not affect the question now before us.    The plaintiff became a member, subject to these by-laws.    He is bound by them, and he must, in some way, secure a two-thirds vote in his favor by the board of managers before he can again become a member.    Either that, or he must apply afresh under section 2.    In no aspect of the case has he any right to the injunction claimed, and his application must be denied, with costs.